# El Commercio Publishing Corporation, Appellant, *v.* Morris Starrels, Trading as Morris Starrels & Co.

*Contracts — Written contracts — Breach of — Evidence—Sufficiency.*

In an action of assumpsit for breach of contract a judgment for defendant will be affirmed where the issue is one of fact, and the evidence, although conflicting, is sufficient to support the findings of the trial judge.

Argued November 11, 1924. Appeal, No. 174, Oct. T., 1924, by plaintiff, from judgment of Municipal Court of Philadelphia, June T., 1923, No. 1070, in the case of El Commercio Publishing Corporation v. Morris Starrels, trading as Morris Starrels and Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for breach of contract. Before CASSIDY, J. Without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the defendant. Plaintiff appealed.

*Error assigned* was among others, the judgment of the court.

*James Yearsley,* and with him *Illoway and Felix,* for appellant.

*L. L. Smith,* of *Smith and Strong,* for appellee.

OPINION BY TREXLER, J., March 16, 1925:

This case was tried by the judge without a jury. An action was brought to recover under a certain written contract alleged to have been entered into between the parties, in which contract the plaintiff was authorized to insert certain advertisements in a publication which it issued. The testimony introduced for the purpose of binding the defendant, Morris Starrels, to the contract is to the effect that the agent of the plaintiff, Mr. Herrmann, called to see Morris Starrels and according to his statement, to quote his words: "He instructed me to call at his son's factory, the King Knitting Mills, and tell the son to sign the contract, and this contract was signed in the presence (the witness was stopped)." Later on he testified that defendant said: "Go to my son's factory and he will sign your contract." The judge decided after a careful review of all the evidence, "we find nothing therein which would justify us in saying that the defendant authorized the writing in question." As the court was sitting both as court and jury we cannot say that this was error. Certainly the mere direction to go to the son's factory and the statement that he would sign a contract is not sufficient to bind the plaintiff, however much the other version in which defendant directed the agent to tell the son to sign might be. It may be that the defendant is trying to escape the payment of an honest debt. Nevertheless, the plaintiff must prove his case and the trial judge was the one to determine what effect to give the testimony of the plaintiff's agent. The alleged ratification of the contract subsequently does not help the plaintiff for it does not bring it home to the defendant.

The judgment is affirmed.